DOBSON et al. v. PECK BROS. & CO. et al.

(Circuit Court, D. Connecticut. September 20, 1900.)

No. 1,036.

EQUITY—PLEADING—PLEA.
  Where the object of a bill is to overturn an alleged successful fraud and conspiracy accomplished by decrees of a court collusively obtained, and the answer denies all averments of fraud and collusion, it is impracticable to determine the validity of a plea setting up in bar the proceedings and decrees attacked until the issues of fact joined by the bill and answer have been found.

In Equity. On argument of plea.

Wm. Hoag, for plaintiffs.
White & Daggett, for defendants.

SHIPMAN, Circuit Judge. The complainants, citizens of the state of Massachusetts, allege in their bill in equity substantially as follows: That they leased on November 20, 1895, to Peck Bros. & Co., a corporation formerly of the state of Connecticut, and established in New Haven, in this state, hereafter called "Corporation No. 1," a parcel of real estate in Boston for the term of 10 years from January 1, 1896, for the sum of $5,000 per year for the first half, and of $5,500 per year for the second half, of said term. That on or about March 14, 1896, the stockholders of Corporation No. 1, finding that it was embarrassed with large outstanding obligations, so that their profits would be greatly cut down if the obligations of the said company were not in some way avoided, conceived a scheme to organize a new corporation and transfer to it the good will and property of Corporation No. 1, paying such claims of creditors as their interests might require, and fraudulently avoiding the claims of others, and the claim of the plaintiffs in particular. That, in pursuance of this scheme, Henry F. Peck and others, stockholders of Corporation No. 1, on the 14th day of March, 1896, entered a petition in the superior court of the state of Connecticut for the county of New Haven, representing that the said Peck Bros. & Co. was insolvent, and asking for the appointment of a receiver. Thereupon

the said corporation appeared and assented to the petition, and receivers were appointed. That an order of court was procured, barring all claims against the corporation which should not be presented within four months, of which order the complainants had no notice, and did not attempt to prove a claim. On May 4, 1898, all the assets of Corporation No. 1 were sold for the sum of $265,000, in pursuance of an order of the superior court,—for a sum sufficient to pay in full, with interest, all the claims which had been proved against said corporation,—to a committee representing its stockholders. That the said stockholders and the committee acting for them, in pursuance of the scheme which they had devised to avoid the obligations of Corporation No. 1, and in particular the obligations to the complainants, organized a new corporation, called The Peck Bros. & Co. (hereafter styled "Corporation No. 2"), for the benefit of all the stockholders of Corporation No. 1; and on or about May 6, 1898, the receiver conveyed and transferred all the property of Corporation No. 1 to Corporation No. 2, and on May 10, 1898, procured an order of the said court dissolving Corporation No. 1, and declaring all claims barred except those which had been proved against it before said court, and on or about June 3, 1898, procured an order of court to pay over to Corporation No. 2 the sum of money remaining in his hands as such receiver, and on June 16, 1898, pursuant to such order, did so pay over to Corporation No. 2 the sum of money so remaining in his hands, amounting to $28,925.96, which was a gift made because the two corporations are the same in interest, the name only being changed. That Corporation No. 2 occupied the leased premises from May 10, 1898, to October 1, 1899, and paid the rent, the complainants supposing that the money came from Corporation No. 1, and has paid no rent since the latter date. That the complainants had no legal notice of the decrees of the superior court, were not parties to the petition, and never submitted themselves to the jurisdiction of the court. That the sale and conveyance of the said property were fraudulent as against the rights of the plaintiffs, creditors of Corporation No. 1, and that Corporation No. 2 had notice of the fraud, and is not a bona fide purchaser of said property. The bill contains divers prayers, one of which is that Corporation No. 2 may be declared to hold the sum of $28,925.96, which it received from the receiver of Corporation No. 1, upon trust, first for the benefit of the creditors of said corporation, and especially for the benefit of the complainants and other such creditors as shall enter into and become parties to this suit, and afterwards for the benefit of the stockholders of said Corporation No. 1. To this bill the defendant, Corporation No. 2, has pleaded, in bar of the suit and of all claim of the complainants, the proceedings, orders, and decrees of the superior court in the matter of the receivership and dissolution of corporation No. 1, and has also filed, under equity rule 32, in support of the plea, an answer which denies all the complainants' averments of fraud or conspiracy. The complainants have set down the plea for argument.

The bill in equity anticipates the defense, and is founded in great part upon the averments that all the proceedings, orders, and decrees of the superior court upon the petition for a receivership were a scheme of fraud and conspiracy upon the part of the stockholders of

both corporations, and upon the position that the complainants, being nonresidents, and neither made nor having become parties to the proceedings, and therefore strangers to them, may show that they were collusive or fraudulent. The object of the bill is to overturn an alleged successful fraud and conspiracy carried out by decrees of a court collusively obtained. All these averments are denied in the answer. The validity of the plea as a bar may depend upon the inability of the complainants to sustain their averments, and it is not practicable to declare in advance that the plea is or is not a bar, until the finding of the court upon the questions of conspiracy and fraud. The proper course is that the plea should stand for an answer, because it contains matter which may be a defense, and it is so ordered.