### DOBSON et al. v. PECK BROS. & CO. et al.

(Circuit Court, D. Connecticut. December 17, 1902.)

#### No. 1,036.

1. **FEDERAL COURTS—JURISDICTION—RECEIVERSHIP—NEGLIGENT CREDITORS.**
   Where creditors of a corporation had notice of receivership proceedings in the state courts, and ample opportunity to prove their claim, a federal court will not interfere to protect their rights, even though their prayer has some equitable aspects.

In Equity.

William Hoag, for complainants.
White, Daggett & Tilson, for defendant Peck Bros. & Co.

PLATT, District Judge. This is a creditor's bill to reach property transferred to Peck Bros. & Co., defendant, and has been heard on final pleadings and proofs. Before the taking of proofs a plea was set down for argument by the complainants. It was a plea in bar, filed by the only existing defendant, setting up certain receivership proceedings, orders, and decrees in the New Haven county superior court of Connecticut, under which all claims against the old corporation had become forever barred, and the corporation itself dissolved. The opinion of Judge Shipman relating thereto appears in (C. C.) 103 Fed. 904. After a critical examination of that opinion, it would seem that the contention in this case had been concluded by the proofs which, as the outcome of the hearing, have been introduced since September 20, 1900. At that time the matter stood in this wise: The bill contained allegations that the receivership proceedings were a scheme of fraud and conspiracy upon the part of the stockholders of both corporations; and, further, that, since the complainants were nonresidents, and strangers to those proceedings, it was their right to show that they were collusive and fraudulent. The object of the bill was to overturn an alleged successful fraud and conspiracy carried out by decree of a court collusively obtained. These averments had been denied by the answer which accompanied the plea. The bill

anticipated the defense, and therefore it was wise that the plea should stand for an answer, and that the questions of conspiracy and fraud should be threshed out by proofs, before any finding as to the validity of the plea in bar could be satisfactorily made. Now the proofs are before this court, and they signally fail to support the contentions which the complainants must have urged so strenuously on the argument of the plea. Counsel for the complainants, with a refreshing frankness, almost admits this to be so in his brief. He now pins his hope, however, upon a line of argument somewhat as follows: The obligation of the old company under the lease still exists, and the new company has accepted a gift of the cash on hand when the receivership was closed, and is not a bona fide holder for value of the entire assets of the old corporation, having acquired them at a nominal value. It is not believed that such reasoning would have availed the complainants had the present situation existed when the plea was argued. The consideration for the acquisition of the property now in the hands of the new corporation is not a material question. Inasmuch as every creditor of the old corporation was either paid in full or had ample facilities furnished so that the payment could have been made, and the transfer of assets has been made in good faith, a court of equity is far more concerned about the rights of the stockholders of the new corporation than about the logic of a belated claimant. Complainants were notified of the receivership proceedings in Connecticut, and the ancillary steps in Massachusetts, and their opportunity to prove their claim in a competent court of equity was absolutely open to them in both jurisdictions. They debated the matter and preferred to take their chances that the old corporation was solvent, and would continue to occupy the leased premises. That decision was founded upon hopes, guesses, uncertainties, and chimeras. They were unfortunate in that the penny which they tossed did not have a head on each side. It remained spinning in the air for a long time, and finally came to a rest with the wrong superscription upwards. There is no excuse for the failure to present the claim in the state court. The complainants had many days in which to obtain every right which in justice and equity to them belonged. It would impugn the spirit of comity which prevails between the federal and state courts if, at this late day, this forum should extend its charitable arm to protect claimants confessedly negligent, even if their prayer have some equitable aspects. The arguments presented by each party, amplified to the last analysis, have been carefully considered, and a stirring disposition to discuss them seriatim is sternly repressed. A cordial assent is given to many valuable precedents to whch attention has been directed, and especially to the very exhaustive reasoning of Judge Putnam in the late case of Hale v. Coffin, in the circuit court for the district of Maine, which appears in 114 Fed. 567. His discussion and citation of authorities have been exceedingly helpful.

Let the bill be dismissed, with costs.